UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br>   v.<br><br>WILLIAM PAUL PAIGE,<br><br>                 Defendant. | CASE NO. 2:22-cr-00123-LK<br><br>ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |

This matter comes before the Court on William Paul Paige's Motion for Early Termination of Supervised Release. Dkt. No. 6. The Government and United States Probation oppose the motion. *Id.* at 3–4; Dkt. No. 7 at 1–2; Dkt. No. 8 at 2. For the reasons discussed below, the Court commends Mr. Paige for his accomplishments and progress, but denies his motion without prejudice to renewing it after more time under supervision.

**I.   BACKGROUND**

In August 2012, Mr. Paige pleaded guilty in the Central District of California to Distribution of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii). Dkt. No. 2-1 at 2. On January 23, 2013, the district court sentenced him to 170 months' imprisonment and

five years of supervised release. Dkt. No. 2-2 at 1. On December 1, 2015, Mr. Paige's sentence was reduced to 146 months pursuant to 18 U.S.C. § 3582(c)(2). Dkt. No. 6 at 2. His sentence was further reduced by nine months based on his participation in a 500-hour Dual Diagnosis Residential Drug Abuse Program ("RDAP") while serving his sentence. *Id.* at 3.

Mr. Paige's term of supervised release began on July 8, 2022 and is scheduled to end on July 7, 2027. Dkt. No. 1 at 1. On August 19, 2022, the Court accepted a transfer of jurisdiction for the duration of Mr. Paige's term of supervised release. *Id.*

Soon after he transferred into this district, Probation filed a noncompliance report stating that Mr. Paige had consumed alcohol on three occasions between October and November 2022 in violation of a special condition of his supervised release. Dkt. No. 3 at 1; *see also* Dkt. No. 2-2 at 1 (requiring Mr. Paige to abstain from using alcohol during the period of supervision). At the time, Mr. Paige stated that his actions were intended to ease the emotional pain of the death of his sister, and on one of the occasions, to cope with the stress of losing the key fob to his vehicle. Dkt. No. 3 at 1. Mr. Paige reported that he enrolled in 30 counseling sessions with Magellan Health. *Id.* Probation recommended a verbal admonishment and mental health treatment, which the Court endorsed. *Id.* at 2.

Although he has completed his sessions with Magellan Health, Mr. Paige continues to voluntarily attend one-on-one sessions with his counselor once per week. Dkt. No. 6 at 3. He has also maintained steady employment: for the past two and a half years, he has worked at David Door Service. *Id.* He works 50 plus hours per week, including weekend on call time, and reports that he enjoys the work and does not mind the long hours. *Id.* Although the motion states that he has been in a two-year relationship with his fiancé, *id.*, Probation more recently reported that the relationship recently ended due to the fiancé's drug use, Dkt. No. 8 at 2. Mr. Paige has not had any further positive tests since November 2022, and Probation has reduced the frequency of his testing

to approximately once every three months. Dkt. No. 6 at 3.

## II.   DISCUSSION

Mr. Paige argues that "[t]he goals of supervision are met by terminating [his] term of supervised release now, two years into his term of supervision because he has successfully re-entered the community and has firmly established a prosocial lifestyle." *Id.* at 1. As noted above, neither the Government nor Probation supports Mr. Paige's motion. Dkt. No. 7 at 1–2; Dkt. No. 8 at 2. Probation states that "Mr. Paige has come a long way since his arrest in July 2012," and his performance on supervision is "deserving of our commendation." Dkt. No. 8 at 1. However, "[d]ue to the nature of Mr. Paige's criminal history, [Probation] do[es] not endorse his early termination." *Id.* at 2. The Government notes that although it is "pleased that Mr. Paige appears to be doing well on supervision," it "requests that the Court delay consideration of termination of supervised release until Mr. Paige has completed three years of supervision without violations or problems." Dkt. No. 7 at 1–2. The Government's request "is based on the serious nature of the underlying charge, Mr. Paige's lengthy criminal history (which qualified him as a Career Offender), and his early use of alcohol while on supervision." *Id.* at 2 ("To the extent that that supervision—however minimal at this point—is keeping Mr. Paige from engaging in new criminal activity, that is ultimately a benefit to the community at large and Mr. Paige himself.").

Early termination of supervised release is governed by 18 U.S.C. § 3583(e)(1), which "provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022) (quotation marks and citation omitted); *see also* 18 U.S.C. § 3583(e)(1). District courts maintain discretion "to consider a wide range of circumstances when determining whether to grant early termination." *Ponce*, 22 F.4th at 1047 (quoting *United States v. Emmett*,

749 F.3d 817, 819 (9th Cir. 2014)). Notably, the Ninth Circuit has clarified that early termination of supervised release is not "reserved for rare cases of exceptionally good behavior." *Id.* (quotation marks and citation omitted).

Based on the Court's review of the record, and in particular, Mr. Paige's stable employment, continuation of counseling, and distancing himself from his fiancé when she resumed using drugs, it is clear that he is committed to maintaining his recovery and mental health. Nevertheless, having considered the relevant factors required under Section 3583(e), the Court concludes that the interests of justice do not warrant the termination of supervised release at this relatively early juncture (less than half of the way to completing his full term). Specifically, the Court finds that, in light of the nature and circumstances of Mr. Paige's offense and his history and characteristics, additional supervision will help to ensure that the positive steps Mr. Paige has taken to date culminate in a lasting change in his lifestyle. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(C)–(D). In addition, the Court finds that maintaining Mr. Paige's supervision at this stage will help deter future criminal conduct. *Id.* § 3553(a)(2)(B).[1] If Mr. Paige continues to perform well under supervision over the next year, the Court encourages him to re-petition for early termination of supervised release.

### III.  CONCLUSION

For the reasons stated herein, Mr. Paige's Motion for Early Termination of Supervised Release, Dkt. No. 6, is DENIED.

Dated this 26th day of August, 2024.

*Lauren King*
Lauren King
United States District Judge

---

[1] The Court notes that the factors set forth in Subsections 3553(a)(4)–(a)(6) do not weigh in favor of early termination, and Subsection 3553(a)(7) is inapplicable because Mr. Paige was not ordered to pay restitution as part of his conviction. *See* Dkt. No. 2-2 at 1.

ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE - 4